```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BERNARD GOLDFINGER,                           :
                                              :
                    Plaintiff,                :      SUMMARY ORDER
                                              :      ADOPTING REPORT &
                                              :      RECOMMENDATION
UNITED STATES OF AMERICA,                     :      15-cv-1045 (DLI)(PK)
                                              :
                    Defendant.                :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief Judge:**

Before the Court are Bernard Goldfinger's ("Plaintiff") Objections to the Report and Recommendation issued by the Hon. Peggy Kuo, U.S.M.J., on February 23, 2017 (the "Objections" to the "R&R"), recommending that the United States of America's ("Defendant") motion for summary judgment be granted. For the reasons set forth below, the R&R is adopted in its entirety.

## BACKGROUND[1]

On March 2, 2015, Plaintiff initiated this action stating claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et seq.*, for the alleged negligence of Gregory Maraj, a Sergeant in the United States Army. (Compl., Dkt. Entry No. 1.) Specifically, Plaintiff alleges that Sgt. Maraj was negligent in his operation of a government-owned vehicle ("GOV") that struck Plaintiff when Sgt. Maraj reversed the GOV in order to park it. (Compl. at 2.)

On June 30, 2016, after the parties completed discovery, Defendant served its motion for summary judgment, arguing that: (i) Sgt. Maraj was not negligent in his operation of the GOV;

---

[1] The Court assumes familiarity with the facts of this case, which are set forth in greater detail in the R&R. (R&R at 1-3.)

and (ii) Plaintiff was the sole proximate cause of the accident. (Def. Mot. For Summary J. ("Defendant's Motion" or "Def. Mot."), Dkt. Entry No. 16; *see* Reply in Further Support of Def. Mot., Dkt. Entry No. 18.) On July 26, 2016, Plaintiff served his opposition to Defendant's Motion. (Opp. to Def. Mot., Dkt. Entry No. 17.)

This Court referred the Defendant's Motion to Magistrate Judge Kuo for the preparation of the R&R, and, on February 23, 2017, the magistrate judge issued the R&R, recommending that Defendants' Motion be granted. (R&R, Dkt. Entry No. 21.) As an initial matter, the magistrate judge determined that the entirety of the statement Defendant filed pursuant to Local Civil Rule 56.1(a) ("Defendant's Rule 56.1 Statement") should be deemed admitted because Plaintiff failed to file a statement pursuant to Rule 56.1(b) to controvert Defendant's version of the facts. (*Id.* at 2.) The magistrate judge went on to find that, while Sgt. Maraj owed Plaintiff a statutory duty pursuant to N.Y. Veh. & Traf. Law §§ 1146(a), 1211(a), the "uncontroverted facts . . . establish that Sgt. Maraj did not breach the duty he owed to Plaintiff." (R&R at 6; *accord Id.* at 4.) In so finding, the magistrate judge determined that "Plaintiff failed to exercise due care as a pedestrian." (*Id.* at 6.) The magistrate judge went on to assess the facts in the record beyond those stated in Defendant's Rule 56.1 Statement, and determined that, notwithstanding Plaintiff's failure to submit a Rule 56.1(b) statement, there would be no genuine disputes of material fact because "[t]o the extent there are any contradictions between Plaintiff's and Defendant's accounts of the incident, they are insignificant." (*Id.* 8; *accord Id.* at 7.)

On March 10, 2017, Plaintiff filed the Objections, controverting the following findings and conclusions by the magistrate judge:

1. . . . [T]hat . . . [D]efendant did not breach the duty of care that he owed to the Plaintiff under New York Vehicle and Traffic Laws §§ 1146(a), 1211(a).

2. . . . [T]hat there are no material questions of fact.

    3.    . . . [T]hat summary judgment should be granted to [D]efendant.

(Objections at 2, Dkt. Entry No. 22.)

On March 23, 2017, Defendant timely opposed Plaintiff's objections. (Opp. to the Objections, Dkt. Entry No. 23.)

## DISCUSSION

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for a party to raise . . . arguments is to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (alteration added in *Moss*; other alterations from *Moss* omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further

evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The Court has reviewed the R&R *de novo* with respect to Plaintiff's stated objections, and has reviewed the remainder of the R&R for clear error. The Court notes that Plaintiff's three objections are really one: Plaintiff objects to the R&R's conclusion that no disputed issue of material fact existed regarding whether Sgt. Maraj breached the duty he undisputedly owed to Plaintiff. In making this argument, Plaintiff urges the court to find that a disputed issue of fact exists as to whether Sgt. Maraj's actions violated one of two New York traffic laws, thereby making him *per se* negligent. (*See* Objections at 3-5; N.Y. Veh. & Traf. Law §§ 1146(a), 1211(a).)

The first of the traffic laws raised in Plaintiff's Objections, states:

> Notwithstanding the provisions of any other law to the contrary, every driver of a vehicle shall exercise due care to avoid colliding with any bicyclist, pedestrian, or domestic animal upon any roadway and shall give warning by sounding the horn when necessary. For the purposes of this section, the term "domestic animal" shall mean domesticated sheep, cattle, and goats which are under the supervision and control of a pedestrian.

N.Y. Veh. & Traf. Law § 1146(a). The second statute, § 1211(a), provides that "[t]he driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic."

Plaintiff argues he has presented sufficient evidence to establish a disputed issue of material fact as to either: (i) Sgt. Maraj's lack of "due care" in driving the GOV in reverse; or (ii) that such action could not have been "made with safety" under the circumstances. However, at no point has Plaintiff presented evidence that Sgt. Maraj acted carelessly or negligently. (*See, e.g.*, R&R at 6 ("Plaintiff does not argue that Sgt. Maraj drove at an excessive speed, was inattentive, or was driving in an uncontrolled manner. The uncontroverted facts also do not suggest that Sgt. Maraj could have taken any reasonable action to avoid hitting Plaintiff.") (citations omitted).) Indeed,

4

the magistrate judge found that the facts supported a finding that Plaintiff himself was the party who failed to exercise due care. (*See Id.*) Moreover, when the magistrate judge looked outside of the facts as stated in Defendant's Rule 56.1 Statement, which she was not required to do, there were no significant contradictions between Plaintiff's and Defendant's accounts of the incident. (*Id.* at 7-8.) As Plaintiff cannot point to any specific evidence that Sgt. Maraj's acted negligently, he cannot prevail on his claim.

## CONCLUSION

Upon due consideration and review, the objections are overruled. Accordingly, the R&R is adopted in its entirety and summary judgment is granted to Defendant. This action is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
       March 31, 2017

                                                    /s/
                                            DORA L. IRIZARRY
                                               Chief Judge

5